Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
BARON J. RICKMAN

FILED
2011 MAR -1 P 3:01
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. OF CA. S.J. JOSE

E-filing

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND/SAN FRANCISCO DIVISION

BARON J. RICKMAN,

Plaintiff,

v.

BUDZIK & DYNIA, LLC., an Illinois limited liability company; JEFFREY J. BUDZIK, individually and in his official capacity; and ALFRED STANLEY DYNIA, individually and in his official capacity;

Defendants.

Case No.: CV 11-0952 PSG

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

15 United States Code § 1692 *et seq.*
California Civil Code § 1788 *et seq.*
California Civil Code § 1812.700 *et seq.*

Plaintiff, BARON J. RICKMAN (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or his attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

1. This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

2. According to 15 U.S.C. § 1692:

a. There is abundant evidence of the use of abusive, deceptive, and unfair debt

collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e. It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. Plaintiff seeks statutory damages, attorney fees and costs under the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq*. (hereinafter "RFDCPA") which prohibits creditors and debt collectors from engaging in abusive, deceptive and unfair practices. The California Legislature has found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

[1] Cal. Civil Code § 1788.1(a)(1).

## II. JURISDICTION

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III. VENUE

6. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

7. This lawsuit should be assigned to the Oakland/San Francisco Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Alameda County.

## V. PARTIES

8. Plaintiff, BARON J. RICKMAN (hereinafter "Plaintiff"), is a natural person residing in Alameda County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h) and a "senior citizen" within the meaning of Cal. Civil Code § 1761(f).

9. Defendant, BUDZIK & DYNIA, LLC (hereinafter "B&D"), is an Illinois limited liability company engaged in the business of collecting debts in this state with its principal place of

business located at: 4345 North Milwaukee Avenue, Chicago, Illinois 60641. B&D may be served as follows: Budzik & Dynia, LLC, c/o Alfred S. Dynia, Agent for Service of Process, 4849 North Milwaukee Avenue, Suite 801, Chicago, Illinois 60630-2680. The principal business of B&D is the collection of debts using the mails and telephone, and B&D regularly attempts to collect debts alleged to be due another. B&D is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). B&D is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

10. Defendant, JEFFREY J. BUDZIK (hereinafter "BUDZIK"), is a natural person and is or was an employee, agent, officer and/or director of B&D at all relevant times. BUDZIK may be served at his current business address at: Jeffrey J. Budzik, Budzik & Dynia, LLC, 4849 North Milwaukee Avenue, Suite 801, Chicago, Illinois 60630-2680. BUDZIK is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). BUDZIK is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. Plaintiff is informed and believes, and thereon alleges that BUDZIK is liable for the acts of B&D because he sets and approves B&D collection policies, practices, procedures and he directed the unlawful activities described herein.

11. Defendant, ALFRED STANLEY DYNIA (hereinafter "DYNIA"), is a natural person and is or was an employee, agent, officer and/or director of B&D at all relevant times. DYNIA may be served at his current business address at: Alfred Stanley Dynia, Budzik & Dynia, LLC, 4849 North Milwaukee Avenue, Suite 801, Chicago, Illinois 60630-2680. DYNIA is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). DYNIA is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. Plaintiff is informed and believes, and thereon alleges that DYNIA is liable for the acts of B&D

because he sets and approves B&D collection policies, practices, procedures and he directed the unlawful activities described herein.

12. At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI. FACTUAL ALLEGATIONS

13. On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit account issued by FIA Card Services, N.A., and bearing the account number XXXX-XXXX-XXXX-0138 (hereinafter "the alleged debt"). The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

14. Sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

15. Thereafter, on or about March 5, 2010, Defendants sent a collection letter to Plaintiff which was Defendants' first written notice initially addressed to Plaintiff in connection with collecting the alleged debt.

16. A true and accurate copy of the March 5, 2010, collection letter from Defendants to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

17. The collection letter (Exhibit "1") does not include the notice required by Cal. Civil Code § 1812.700(a).

18. Thereafter, Defendants began a campaign of telephone harassment in an attempt to embarrass, shame and humiliate the Plaintiff. Plaintiff is informed and believes, and thereon alleges that Defendants used an automated dialer to place many of the telephone calls to Plaintiff.

19. Defendants telephone calls, and each of them, was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

20. Defendants called Plaintiff repeatedly and continuously in the weeks that followed.

21. Defendants knew or should have known that their conduct was directed towards a senior citizen.

22. On or about March 11, 2010, Defendants placed at least eight (8) telephone calls to Plaintiff in a period of less than 4 minutes.

23. On or about March 12, 2010, Defendants placed at least eight (8) telephone calls to Plaintiff in a period of less than 3 minutes.

24. On or about March 13, 2010, Defendants placed at least eight (8) telephone calls to Plaintiff in a period of less than 3 minutes.

25. On or about March 15, 2010, Defendants made at placed sixteen (16) telephone calls to Plaintiff in a period of less than 6 hours.

26. Plaintiff is informed and believes, and thereon alleges, that each of the above telephone calls were made via use of an auto-dialer.

27. Defendants' repeated and continuous calls were with the intent to annoy, abuse and harass, and had the natural consequence to annoy, abuse and harass.

28. Defendants caused Plaintiff's telephone to ring with such frequency as to be unreasonable and constitute harassment to Plaintiff under the circumstances.

29. As a senior citizen subjected to Defendants' abusive, deceptive and unfair collection practices, Plaintiff is entitled to treble damages pursuant to Cal. Civil Code § 3345.

## VII. CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff brings the first claim for relief under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

31. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

32. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

33. Defendant, B&D, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

34. Defendant, BUDZIK, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

35. Defendant, DYNIA, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

36. The financial obligation alleged to be owed to FIA Card Services, N.A., by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

37. Defendants have violated the FDCPA. The violations include, but are not limited to, the following:

a. Defendants caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass Plaintiff, in violation of 15 U.S.C. § 1692d(5); and

b. Defendants caused Plaintiff's telephone to ring with such frequency as to be

unreasonable and constitute harassment to Plaintiff under the circumstances, in violation of 15 U.S.C. § 1692d(5).

38. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

39. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

40. Plaintiff brings the second claim for relief under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

41. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

42. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

43. Defendant, B&D, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

44. Defendant, BUDZIK, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

45. Defendant, DYNIA, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

46. The financial obligation alleged to be owed to FIA Card Services, N.A., by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

47. Defendants violated the RFDCPA. The violations include, but are not limited to, the following:

a. Defendants caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass Plaintiff, in violation of Cal. Civil Code §§ 1788.11(d) and 1788.17;[2] and

b. Defendants caused Plaintiff's telephone to ring with such frequency as to be unreasonable and constitute harassment to Plaintiff under the circumstances, in violation of Cal. Civil Code §§ 1788.11(e) and Cal. Civil Code § 1788.17.[3]

48. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

49. As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.30(b).

50. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in the amount not greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.17.[4]

51. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[5]

52. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

///

[2] 15 U.S.C. § 1692d(5).
[3] 15 U.S.C. § 1692d(5).
[4] 15 U.S.C.§ 1692k(a)(2)(A).
[5] 15 U.S.C.§ 1692k(a)(3).

**CALIFORNIA CONSUMER COLLECTION NOTICE**

53. Plaintiff brings the third claim for relief against Defendants under Cal. Civil Code §§ 1812.700-1812.702.

54. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

55. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

56. Defendant, B&D, is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

57. Defendant, BUDZIK, is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

58. Defendant, DYNIA, is a third-party debt collector subject to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.

59. The financial obligation alleged to be owed to FIA Card Services, N.A., by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5), and a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

60. Defendants failed to include the "Consumer Collection Notice" required by Cal. Civil Code § 1812.700(a) in their first written notice initially addressed to Plaintiff.

61. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

62. As a result of Defendants' willful and knowing violations of Cal. Civil Code § 1812.700(a), Plaintiff is entitled to an award of a statutory penalty in an amount not less than one

hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1812.702.[6]

63. As a result of Defendants' violations of Cal. Civil Code § 1812.700(a), Plaintiff is entitled to an award of statutory damages in an amount not greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1812.702.[7]

64. As a result of Defendants' violations of Cal. Civil Code § 1812.700(a), Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1812.702.[8]

65. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under Cal. Civil Code §§ 1788.17 and 1788.30(c) are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

## VIII. REQUEST FOR RELIEF

Plaintiff requests that this Court:

a. Assume jurisdiction in this proceeding;

b. Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d(5);

c. Declare that Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.11(d), 1788.11(e) and 1788.17;

d. Declare that Defendants violated Cal. Civil Code § 1812.700(a);

e. Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f. Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.30(b);

[6] Cal. Civil Code § 1788.30(b).
[7] Cal. Civil Code § 1788.17, incorporating 15 U.S.C. § 1692k(a)(2)(A) by reference.
[8] Cal. Civil Code §§ 1788.30(c) and 1788.17, incorporating 15 U.S.C. § 1692k(a)(3) by reference.

g. Award Plaintiff statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17;[9]

h. Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant, pursuant to Cal. Civil Code § 1812.702;[10]

i. Award Plaintiff statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1812.702;[11]

j. Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.30(c), 1788.17[12] and 1812.700(b);[13]

k. Award Plaintiff treble damages pursuant to Cal. Civil Code § 3345; and

l. Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn, Esq.
Attorney for Plaintiff
BARON J. RICKMAN

**CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

---

[9] 15 U.S.C. § 1692k(a)(2)(A).
[10] Cal. Civil Code § 1788.30(b).
[11] Cal. Civil Code § 1788.17, incorporating 15 U.S.C. § 1692k(a)(2)(A) by reference.
[12] 15 U.S.C. § 1692k(a)(3).
[13] Cal. Civil Code § 1788.17, incorporating 15 U.S.C. § 1692k(a)(3) by reference.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, BARON J. RICKMAN, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.



**BUDZIK & DYNIA, LLC**
**Attorneys at Law**
4355 N. Milwaukee Avenue
Chicago, IL 60641

| BDL # | Original Creditor | Original Account # | Current Balance |
|---|---|---|---|
| 27163 | FIA Card Services N.A. | 4313512082790138 | $13,528.10 |

Telephone: (773) 902-1130 · Toll Free: (888) 322-1295 · Fax: (773) 482-6200
Web: www.budzikdynia.com

BARON RICKMAN
19100 CREST AVE APT 21
CASTRO VALLEY CA 94546

March 5, 2010

Dear Baron Rickman:

We have been retained to collect the Total Amount Due on your account.

If you want to resolve this matter, we are offering a **limited time opportunity** for you to resolve the debt (Unless it has already been paid). If you cannot pay the current balance today, please call us at 1-888-322-1295 to discuss further arrangements.

Federal law gives you thirty days after you review this letter to dispute the validity of the debt or any part of it. If you don't dispute it within that period, we will assume that it is valid. If you do dispute it by notifying us in writing to that effect, we will, as required by law, obtain and mail you proof of the debt. And if, within the same period, you request in writing the name and address of your original creditor, if the original creditor is different from the current creditor, we will furnish you with that information too.

The law does not require our client to wait until the end of the thirty day period before pursuing their contractual rights against you to collect this debt. If, however, you request proof of the debt or the name and address of the original creditor within the thirty-day period that begins with receipt of this letter, the law requires our firm to suspend our efforts to collect the debt until we mail the requested information to you.

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact his office, our client may consider additional remedies to recover the Current Balance.

Our client may provide information to credit bureaus about an insolvency, delinquency, late payment, or default in your account to include in your credit report as allowed by law.

**This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.**

***detach below and return in the enclosed envelope with your payment***

| BDL# | Current Balance |
|---|---|
| 27163 | $13,528.10 |

4355 N. Milwaukee Avenue
Chicago, IL 60641

| We accept the following Or call to make a payment (888) 322-1295 ☐ DISCOVER ☐ ☐ VISA ☐ | | |
|---|---|---|
| Card Number | | Expiration Date |
| Cardholder Zip Code | Last 3 Digits on the BACK of Card → | Verification Code |
| Cardholder's Signature | | |
| Contact Number | Payment Amount $ | |

Make your check or money order payable to:
Budzik & Dynia, LLC
4355 N. Milwaukee Avenue
Chicago, IL 60641

BARON RICKMAN
19100 CREST AVE APT 21
CASTRO VALLEY CA 94546

656



PMB 576
330 SW 43rd Street Suite K
Renton, WA 98057

RETURN SERVICE REQUESTED

PRESORTED
FIRST-CLASS

DATA-PAC US POSTAGE $00.35[7]
MAR 08 2010
ZIP 98057
0801 1051999

BARON RICKMAN
19100 CREST AVE APT 21
CASTRO VALLEY CA 94546

656

3 BJXGR31 94546